UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
MERGER & ACQUISITION CAPITAL SERVICES,  :
LLC,          :
          :
          Plaintiff,  :
          :  21-CV-9477 (JMF)
      -v-  :
          :  ORDER
ROBERT FEDAK et al.,  :
          :
          Defendants.  :
          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Merger & Acquisition Capital Services, LLC, brings this action against Defendants Robert Fedak, Underwriters Alliance, Inc., UA Holdings LTD, 1000003586 Ontario Inc., and SIB Corp., invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff alleges that it is a citizen of New York and that Defendants are citizens of Canada. *See* ECF No. 1 ("Complaint") ¶¶ 7-12.

      It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Altissima Ltd. v. One Niagara LLC*, No. 08-CV-756S(M), 2010 WL 3504798, at *2 (W.D.N.Y. Sept. 2, 2010) (noting that every other Court of Appeals to have considered LLC citizenship has held that an LLC has the citizenship of all of its members). Thus, a complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC (including the citizenship of any members of the LLC that are themselves LLCs). *See Handelsman*, 213 F.3d at

51-52; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010). In the present case, the Complaint fails to properly allege Plaintiff's citizenship, alleging only that "Plaintiff M&A maintains its principal place of business in New York, New York and each and every member of M&A is a resident, domiciliary, and citizen of New York." Compl. ¶ 7. In particular, the Complaint fails to allege whether the members of M&A are natural persons or corporate entities, and as to any corporate entities, fails to allege their principal place of business and place of incorporation. *See, e.g.*, *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (holding that a complaint that fails to plead citizenship of relevant parties does not properly assert diversity jurisdiction).

Accordingly, it is hereby ORDERED that, on or before November 25, 2021, the Plaintiff shall amend its Complaint to allege the citizenship of each constituent person or entity comprising the Plaintiff LLC. If, by that date, the Plaintiff is unable to amend the Complaint to truthfully allege complete diversity of citizenship, then the Complaint will be dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: November 18, 2021
New York, New York

JESSE M. FURMAN
United States District Judge